UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GERALDO COLON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-00932-JMS-MJD |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Order, Geraldo Colon's motion for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

### I. The § 2255 Motion

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Factual Background

The Seventh Circuit described Mr. Colon's criminal activity, arrest, and conviction as follows: "Geraldo Colon used his Indianapolis furniture store and a related business as a front to hide his more lucrative enterprise: buying large quantities of cocaine and heroin from Arizona and reselling the drugs to local dealers in Indiana. For his role as a middleman in this scheme, a grand jury charged Colon with drug conspiracy, money laundering, and making false statements in a bankruptcy proceeding. Following two jury trials, Colon was convicted on all counts and sentenced to 30 years' imprisonment." *United States v. Colon*, 919 F.3d 510, 513 (7th Cir. 2019).

## III. Discussion

In support of his § 2255 motion, Mr. Colon argues that his counsel rendered ineffective assistance by failing to: (1) hire an expert Certified Public Accountant ("CPA"); (2) hire an expert to test the purity of the heroin; and (3) challenge the constitutionality of 21 U.S.C. § 841. He also alleges that he was subjected to double jeopardy.

### A. Ineffective Assistance of Counsel

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). If a petitioner cannot establish one of the *Strickland* prongs, the Court need not consider the other. *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014). To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent

assistance. *Id.* In order to satisfy the prejudice component, Mr. Colon must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Each of the specifications of ineffective assistance is discussed below.

### 1. Accountant

First, Mr. Colon argues that his attorney performed deficiently by failing to hire an expert CPA to dispute the amount of funds used to support his money laundering convictions. The indictment against Mr. Colon alleged eight separate money laundering counts. *Colon*, 919 F.3d at 513. Those counts were based on eight deposits into his business account, and the indictment alleged that each deposit included drug proceeds. *Id*. at 513-14. In support of his ineffective assistance claim, Mr. Colon argues that the government used "potentially legally obtained proceeds" to support his money laundering convictions and that a CPA could have challenged the amount of illegally obtained funds. Dkt. 1 at 4, 5.

Where a petitioner claims his counsel failed to call a witness, he must show what the missing evidence would have been and prove that this witness's testimony would have produced a different result. *Patel v. United States*, 19 F.3d 1231, 1237 (7th Cir. 1994) (citations omitted). When the witness at issue is an expert, "the defendant must demonstrate that an expert capable of supporting the defense was reasonably available at the time of trial." *Ellison v. Acevedo*, 593 F.3d 625, 634 (7th Cir. 2010). While Mr. Colon asserts that a CPA could have supported his defense, he has not shown specifically what evidence a CPA would have presented. At trial, the government presented testimony regarding Mr. Colon's bank accounts and deposits. *United States v. Colon*, 1:15-cr-80-JMS-DML-1 ("Cr. Dkt.") dkt. 380 at 32-132. The Seventh Circuit found that this evidence supported Mr. Colon's money laundering convictions. *Colon*, 919 F.3d at 516. Mr. Colon

has not presented any evidence that an expert CPA could have challenged this evidence. Because Mr. Colon has not sufficiently supported his contention that an expert CPA was available and would have been able to provide testimony in support of his defense, he has not shown that his counsel performed deficiently.

Mr. Colon has also failed to establish prejudice from any failure to hire an expert CPA. As the Seventh Circuit found, the commingling of the illegal and legally obtained proceeds was the crime. *Colon*, 919 F.3d at 516. And, from the evidence presented, the jury could "infer" that Mr. Colon comingled his funds. *Id.* Mr. Colon has not shown that any specific accounting would have rebutted this inference or changed the outcome of the trial.

### 2. Purity of Drugs

Mr. Colon also argues that his counsel should have hired an expert chemist to test the drugs that formed the basis of his drug convictions. He contends that if a chemist had tested the purity of the drugs, it could have resulted in an amount less than that charged in the indictment. Dkt. 1 at 9-10. Again, Mr. Colon has not shown that such an expert would have been available. *See Ellison*, 593 F.3d at 634. Further, Mr. Colon has failed to show that the presentation of expert testimony on the purity of the drugs would have been beneficial to his defense. In fact, under § 841, "the total quantity of what is distributed, rather than the amount of pure drug involved, is used to determine the length of the sentence." *Chapman v. United States*, 500 U.S. 453, 461 (1991); *cf. United States v. Stewart*, 361 F.3d 373, 376-77 (7th Cir. 2004) ("usable or consumable mixtures or substances are included in the drug quantity for sentencing purposes").

### 3. Constitutionality of § 841

Finally, Mr. Colon argues that his counsel was ineffective for failing to challenge as unconstitutionally vague the charges for distributing cocaine and heroin because the statute does

4

not state the purity of these drugs. "[A] statute is unconstitutionally vague so as to violate due process if it: (1) does not provide a person of ordinary intelligence a reasonable opportunity to know what is prohibited, or (2) fails to provide explicit standards to prevent arbitrary and discriminatory enforcement by those enforcing the statute." *United States v. Plummer*, 581 F.3d 484, 488 (7th Cir. 2009) (internal quotation omitted). But, as the Court has already discussed, the Supreme Court has endorsed consideration of the total amount of drugs, rather than only the pure drug amounts, in determining the sentence. *Chapman*, 500 U.S. at 461. And the Seventh Circuit has found that § 841 is not void for vagueness. *Plummer*, 581 F.3d at 489 (7th Cir. 2009). Mr. Colon's counsel therefore did not perform deficiently by failing to make such a challenge. *See Warren v. Baenen,* 712 F.3d 1090, 1104 (7th Cir. 2013) ("Counsel is not ineffective for failing to raise meritless claims.").

### B. Double Jeopardy

Mr. Colon also argues that his money laundering counts constituted double jeopardy in violation of the Fifth Amendment. He contends that some of the alleged drug proceeds were potentially included in more than one charge.

The government argues that this claim is procedurally defaulted because Mr. Colon did not raise it in his direct appeal. "Any claim that could have been raised originally in the trial court and then on direct appeal that is raised for the first time on collateral review is procedurally defaulted." *Delatorre v. United States*, 847 F.3d 837, 843 (7th Cir. 2017) (citing *Hale v. United States*, 710 F.3d 711, 713–14 (7th Cir. 2013)); *Massaro v. United States,* 538 U.S. 500, 504 (2003). But constitutional claims may be raised for the first time in a collateral attack if the petitioner can show cause for the procedural default and prejudice from the failure to appeal. *Massaro,* 538 U.S. at 504. To show cause for a procedural default, the petitioner must demonstrate that some objective

factor external to the record impeded his efforts to bring a claim on direct appeal. *Coleman v. Thompson,* 501 U.S. 722, 753 (1991). If a petitioner is unable to demonstrate both cause and prejudice, he may be able to obtain habeas review only if he can persuade the court that the dismissal of his petition would result in a fundamental miscarriage of justice – that is, "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 495 (1986).

First, Mr. Colon provides no explanation for his failure to present his double jeopardy claim at trial or on direct appeal. He identifies nothing that has changed between his direct appeal and this § 2255 motion. He therefore has failed to establish good cause. *Delatorre*, 847 F.3d at 843. Mr. Colon also had not shown prejudice. The evidence showed that his money laundering charges were for separate deposits. *Colon*, 919 F.3d at 516. Mr. Colon has presented no evidence to the contrary. He also has not presented any evidence or argument to show his actual innocence of the money laundering charges or otherwise that a fundamental miscarriage of justice would occur if he cannot present this claim here. Thus, because Mr. Colon has procedurally defaulted his double jeopardy claim, the Court will not address it.

**C. Request for Counsel**

Finally, in reply in support of his § 2255 motion, Mr. Colon asked the Court to appoint counsel to represent him. The authority for appointing counsel in an action seeking relief under § 2255 comes from the Criminal Justice Act, 18 U.S.C. § 3006A. *See* 18 U.S.C. § 3006A(a)(2)(B) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28.").

First, the Court must determine whether Mr. Colon is financially eligible for the appointment of counsel. Mr. Colon was previously found eligible for appointment of counsel in his criminal case. Cr. Dkt. 382. Based on this past appointment, the Court concludes that Mr. Colon is financially eligible for the appointment of counsel.

Next, the Court must determine whether the appointment of counsel would serve the interests of justice. A petitioner pursuing federal habeas relief is entitled to counsel only when he is under a death sentence, *see* 18 U.S.C. § 3599(a)(2); *McFarland v. Scott,* 512 U.S. 849, 855 (1994); or when an evidentiary hearing is necessary to resolve the petition. Rule 8(c) of the *Rules Governing Section 2254 Cases*. In this case, Mr. Colon is not under a death sentence and no hearing is anticipated. Therefore, whether to appoint counsel is purely a discretionary matter. *See Winsett v. Washington,* 130 F.3d 269, 281 (7th Cir. 1997); *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007). Thus, the Court must consider "if, given the difficulty of the case and the litigant's ability, [the petitioner] could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have had a reasonable chance of winning with a lawyer at his side." *Winsett,* 130 F.3d at 281.

In this case, the appointment of counsel is not necessary to serve the interests of justice. It does not appear that the difficulty of the case exceeds the petitioner's ability to litigate his claims. While Mr. Colon's § 2255 motion has been unsuccessful, he demonstrated understanding of his claims and the facts on which they are based. Given his comprehensible filings and use of the Court's processes, the Court finds that Mr. Colon is competent to proceed in this action pro se.

Mr. Colon's motion for appointment of counsel is **denied.** He has aptly presented his arguments in this case. These are not circumstances in which it is in the interests of justice to appoint counsel.

## IV. Conclusion

For the reasons explained in this Order, Geraldo Colon is not entitled to relief on his § 2255 motion. There was no ineffective assistance of counsel and his claim of double jeopardy is procedurally defaulted. Accordingly, his motion for relief pursuant to § 2255 is **DENIED** and this action is dismissed with prejudice. Judgment consistent with this Order shall now issue and the Clerk shall **docket a copy of this Order in No. 1:15-cr-80-JMS-DML.** The motion to vacate, Cr. Dkt. [403], shall also be **terminated** in the underlying criminal action.

## V. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition. Rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Geraldo Colon has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 11/1/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

GERALDO COLON
12664028
MARION - USP
MARION U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1000
MARION, IL 62959

All Electronically Registered Counsel